May it please the court, I'm James Kuhn on behalf of the claimant in this case. It's a social security case and I think it raises a fairly simple question of whether the social security ALJ can simply tell us that he's complied with the law rather than actually complying with the law. The law is clear in the Ninth Circuit and has been now for at least 20 years that if an ALJ is to reject the opinion of a medical source or a lay source, the ALJ has to, number one, say that's what he's doing. And number two, give reasons appropriate to the circumstance for doing that. In the medical case, the reasoning has to be either clear and convincing or specific and legitimate. And in the case of lay evidence, it has to be at least germane to the testimony. Is Ms. Keene a health care source or a lay witness? She's a health care source, whether she's a medical witness within the meaning of the regulations. We run into this kind of doctor is God theory in a lot of these cases. And if it's not an MD, why, you disregard their testimony. Well, I don't think you can disregard their testimony. I think you then treat it as lay testimony. My answer to your question would be probably she is lay testimony under the new regulations. It is material. It would be material and relevant witness testimony. Yes, it is certainly material and relevant. The standard is the reasons given to reject it must be germane. That's Lewis against Apto, 2001 case in this court. Well, we have not only the question about what kind of witness she is. I think you've properly acknowledged that she's not the same as a licensed physician. You also have a question as to what it is she's opining about because she really doesn't give, at least not in medical terms, what I perceive as a medical opinion. She states the bottom line, this person can't work, which is not a decision for her to make. I think it's a decision for the ALJ and a decision which the ALJ's decision discusses at some length. That's true, but an opinion, I believe the law in this circuit is the opinion must be rejected, number one, and a reason must be given for rejecting it if that's what the ALJ means to do, even if it's an opinion about the ultimate issue of disability. I think if you look at the ALJ's opinion, it's not hard to figure out that the ALJ did not adopt the view that she expressed and the whole opinion expresses why. Ultimately, he did not say anything, however, about her opinion other than to say, there it is and trust me, I'm doing what is appropriate. He says- So you're really making a procedural argument that the explanation, the ALJ's explanation isn't responsive to the question of why didn't he treat her evidence as useful evidence or he didn't have to believe it if he said I find her incredible, but he doesn't say that. He doesn't say anything other than I have treated this evidence as appropriate. I'm not telling you whether I reject it or not. Of course, you can infer that he must be rejecting it. I mean, you can derive that conclusion, but as to why, you can't infer anything about why. Sure you can. The whole thing talks about why he doesn't reach the conclusion that this person can't work. But he doesn't say anything about why he doesn't agree with the legacy of manual pain management clinic. Well, the same sentence says Dr. Thomas, the treating physician, that, quote, he can do light work and we've gone over this a million times, close quote. Right. That's right. I've looked at all these opinions. Here's one of them that says he can work. Here's one of them that says he can't work, and I've done the appropriate thing. Before that, there's like seven or eight pages of discussion about the particulars for this person, including a pretty clear statement that based upon the claimant's reserve function capacity, he is capable of performing a significant range of light work as defined in. I mean, there's a very clear point conclusion. Absolutely. So what's the mystery here? Are you asking us to do anything other than sending this back so that the ALJ can fill in the sentence? Actually, I'm asking you to send it back so they can award benefits, because what this ALJ has done is to flaunt the standard. He said, I'm not going to say. He could have done it perhaps in a few sentences, but he didn't. I mean, why not? After, really, since Murray against Heckler, 1984, this has been the rule. It's been made clearer and clearer, and frankly, we've been here I don't know how many times on how many cases with ALJs who will not articulate for judicial review why they've done what they've done with a particular piece of evidence. They are required to do it. That's the taken as true rule. If they don't do it, we're going to take it as true and send it back, and you've got to take it as true, and that's whatever happens in light of that back at the trial court is what's going to happen. It is, in a sense, procedural. That's right, but there's a good reason for it. This court, any reviewing court, has to be able to look at the reasons given and decide whether those reasons are sufficient, and in this case, the judge just didn't give a reason, didn't even say he's rejecting it. Of course you can infer. You can say, well, gee, if we look at the rest of his reasoning, we must infer that he rejected the legacy of manual opinion, and then as to why, well, we don't know. He certainly cannot reject it. The law is clear on the ground that it is contradicted. All a contradiction tells you is that he's got to give specific and legitimate reasons or some other reason. Why wasn't the ALJ entitled to give considerable weight to the vocational expert's testimony that he could do some limited work in the economy? He was certainly entitled to give that weight. He was entitled to line up all of these opinions and say, I give these weight and not those weight, and here's why. Our problem is he just didn't do that, and we have an opinion which, if true, and it's not a trivial opinion. It's not a medical opinion, but these are the people that were seeing the claimant on a regular basis about his pain, and his pain was acknowledged by the medical expert to be severe. Well, the vocational expert thought that it was the kind of pain that he could work through it or work above and beyond. Maybe some thresholds are different in different individuals, but he found some light. He thought there was light work that this man could do in spite of his pain. That's right, and the vocational expert, of course, is working with physical limitations given to him by the judge, which are based on the medical evidence. So I think the vocational expert's opinion comes after we do whatever we do with the medical, but that has to be appropriate. I'd like to reserve the rest of my time for both. Thank you very much. May it please the Court. My name is Terri Shea. I'm appearing for the Commissioner of Social Security. Basically, our position is that when you review an ALJ's decision, the standard of review is substantial evidence, and when you're determining whether substantial evidence is met, you look at the entire record, which means all of the medical evidence, the hearing transcript, and the ALJ's written decision. Our position is that the ALJ did thoroughly discuss the medical evidence, and that whether you look at the nurse practitioner as a. . . Discussed it, but, you know, he doesn't relate it at all specifically to the Keene's opinion, right? And don't I. . . our entire case is pretty specific, even if this is not, you know, medical opinion, that he's got to give some reasons for rejecting the Keene's testimony. Well. . . And he doesn't. . . and it's clear by inference he's rejecting it, but he gives no reason for it. The closest case that I can think of in this context is the Vincent case, which is basically saying we had lay witnesses giving medical diagnoses. In this case, you have a nurse practitioner who is either an other medical source or a lay witness giving an opinion about vocational issues. This is a person who met with the patient once a month for the purpose of medication management only. She didn't actually treat him. When he told her that more pain medication would increase the quality of his life, she encouraged him to talk to the medical staff so they could work with that. And she did not increase his pain medication. She said she'd have to talk to a doctor about that. So, you know, in no context is she a medical source, like an acceptable medical source or a doctor. And, in fact, her opinion deals with vocational issues, which is not what she was even treating the person for. So, you know, it just comes down to do you have to look at everything that everybody says that might possibly be a statement or a belief that someone is disabled and come up with clear and convincing reasons for objecting or responding to that. We think that you shouldn't have to do that with every single witness, every single piece of testimony. The result that Klayman asked for is that you credit this opinion as true, say that it wasn't properly rejected, and remand for a finding of disability, even though, and even go so far as to say in his reply brief, that the weight of the evidence is irrelevant. Substantial evidence is irrelevant because of this technical point. We think that that's an unfortunate result and is not called for by the case law or by the evidence in this case. Do you have anything else you'd like me to address? All right. Thank you very much. Very briefly, Your Honor, the Vincent case cited is a 1984 case. It's before Lester. It's before Varney. It's before this court's jurisprudence on what you've got to do with opinions was fully developed at all. It's also not a clear statement to the effect that you don't have to deal with evidence. I think Lewis v. Apple is quite clear that you do have to deal with evidence, including lay evidence. We are not here on a substantial evidence question. We're not here to weigh the evidence. This is clearly a matter of legal error. The judge has to do a certain thing by the law and the circuit. The judge did not do it. At the very least, that calls for reversal, we believe, because of the clarity of what the judge did. It was not an error or some kind of an oversight. It was a statement. I'm not going to give you a reason. I don't know why the judge did that. I think the message to the judge, however, has to be, in this kind of a case, we're not going to send it back so that you can clean up that one thing. The claimant doesn't get another chance. There's no reason in a case this clear that the ALJ should get another chance. Thank you. Thank you, and both counsel, for the argument. The case just argued is submitted. Our next case this morning, Alhemyare v. Gonzalez. Look forward to being told how the name should be pronounced.
judges: Goodwin, Tashima, Clifton